UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **CEDRIC DIXON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 3:14-cv-02396** |
| | ) | **Chief Judge Sharp** |
| **v.** | ) | |
| | ) | |
| **METROPOLITAN POLICE DEPARTMENT,** | ) | |
| *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**M E M O R A N D U M**

Plaintiff Cedric Dixon (#511099), an inmate housed at Davidson County Sheriff's Office in Nashville, Tennessee, brings this *pro se, in forma pauperis* action against the Metropolitan Police Department and Detective f/n/u Taylor, alleging illegal search and seizure and excessive force claims under 42 U.S.C. § 1983. (Docket No. 1).

The plaintiff's complaint is before the Court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

**I.    PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* §

1

1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. Section 1983 Standard

Plaintiff Dixon seeks relief pursuant to § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law.

2

*Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### IV. Alleged Facts

The complaint alleges that, on March 17, 2014, "Metropolitan Police Department" Detective f/n/u Taylor illegally seized the plaintiff. (Docket No. 1 at p. 3). The complaint alleges that Detective Taylor was looking for a female suspect at that time. According to the complaint, Detective Taylor put the plaintiff's arms behind him and twisted the plaintiff's arm until his shoulder popped. The plaintiff's shoulder was injured and, as a result, the plaintiff was required to have surgery. However, despite the surgery, the plaintiff suffers from a limited range of motion in his shoulder. The complaint further alleges that Detective Taylor illegally seized the plaintiff's money, telephone, computer, clothes, and car. (*Id*. at pp. 3-4).

### V. Analysis

#### A. Claims against the Metropolitan Police Department

"The Metropolitan Police Department" is an agency or unit of the Metropolitan Government of Nashville and Davidson County ("Metro Government") and is not a suable entity itself. *See Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10–cv–0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) ("[F]ederal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit.")(collecting cases)).

Giving this *pro se* complaint a liberal construction, the court could construe the plaintiff's

3

complaint as an attempt to state a claim against Metro Government. However, while Metro Government is a suable entity, it is responsible under § 1983 only for its " own illegal acts. [It is] not vicariously liable under § 1983 for [its] employees' actions." *Connick v. Thompson*, — U.S. —, 131 S. Ct. 1350, 1359, 179 L.Ed.2d 417 (2011) (internal citations and quotation marks omitted). A municipality may be liable under § 1983 "only if the challenged conduct occurs pursuant to a municipality's 'official policy,' such that the municipality's promulgation or adoption of the policy can be said to have 'cause[d]' one of its employees to violate the plaintiff's constitutional rights." *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014)(quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978)).

"Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick*, 131 S. Ct. at 1359. Thus, to state a municipal liability claim, a plaintiff must adequately allege "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance [of] or acquiescence [to] federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

In this case, the plaintiff does not allege that Detective Taylor acted pursuant to policy or custom adopted by Metro Government or the Metro Police Department as a division of Metro Government. The plaintiff does not allege the existence of an official policy or suggest that his alleged injuries resulted from any such policy. The complaint therefore fails to state a claim against Metro Government upon which relief can be granted.

### B. Actionable claims

The plaintiff claims that Detective Taylor arrested and searched the plaintiff without probable cause or a valid search warrant. He claims that the Detective seized the plaintiff, a male, when the Detective was looking for a female suspect. Police officers are generally considered to act under color of state law, and the Fourth Amendment protects individuals from unreasonable searches and seizures. U.S. Const. Amend. IV; *United States v. Torres–Ramos*, 536 F.3d 542, 554 (6th Cir. 2008). Although it is unclear whether the plaintiff can ultimately prevail on this claim, the court finds that, at this stage of the proceedings, for purposes of the PLRA, the plaintiff alleges sufficient facts to state a colorable claim against this defendant under § 1983 for violation of the plaintiff's Fourth Amendment rights.

The complaint further alleges that, in arresting the plaintiff, Detective Taylor used excessive force in restraining the plaintiff and twisting his arms, resulting in lasting injury to the plaintiff's shoulder. The court finds that the complaint states an actionable Fourth Amendment claim pursuant to § 1983 for the use of excessive force against defendant Taylor in his individual capacity.

Based on the plaintiff's allegations, the court will allow these two claims to proceed against the remaining defendant for further development.

### VI. Motion for Appointment of Counsel

The plaintiff has requested the appointment of counsel. (Docket No. 4). He states that he needs an attorney since he can hardly read or write and he does not know a lot about the law. (*Id*.)

The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981). Thus, unlike criminal proceedings, there is no constitutional right

to an appointed counsel in a civil action, such as this action. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), *aff'd*, 595 F.2d 1227 (6th Cir. 1979); *see Williamson v. Autorama, Inc.,* No. 91-5759, 947 F.2d 947 (6th Cir. 1991)(citing *Willett* favorably). The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993).

The plaintiff's circumstances as described do not suggest anything exceptional in nature. Although he states that he can hardly read or write, the plaintiff, acting *pro se*, has prepared his complaint, an application to proceed as a pauper, and three motions. Therefore, the motion for the appointment of counsel will be denied at this time. Should the plaintiff's circumstances change over the course of this litigation, he may renew his request for appointment of counsel.

**VII. Conclusion**

As set forth above, the plaintiff has stated colorable illegal search and seizure and excessive force claims against Detective f/n/u Taylor in his individual capacity under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. These claims will be allowed to proceed for further development.

However, the plaintiff's claims against The Metro Police Department, whether construed as a claim against The Metropolitan Police Department or Metro Government, fail to state a § 1983 claim upon which relief can be granted, and those claims must be dismissed under the PLRA.

An appropriate order will follow.

_____
Kevin H. Sharp
Chief United States District Judge