```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

CEDRIC DIXON,                      )
                                   )
        Plaintiff                  )
                                   )   No. 3:14-2396
v.                                 )   Chief Judge Sharp/Bryant
                                   )   **Jury Demand**
METROPOLITAN POLICE                )
DEPARTMENT, *et al.*,              )
                                   )
        Defendants                 )

**TO:    THE HONORABLE KEVIN H. SHARP
         CHIEF JUDGE**

### REPORT AND RECOMMENDATION

Plaintiff Cedric Dixon, a prisoner proceeding *pro se*, has filed two similar motions for leave to amend his complaint (Docket Entry Nos. 74 and 80). In each of these two motions, Plaintiff Dixon seeks to add two new defendants, Officers Michael Hotz and Byron Carter. Plaintiff claims that Hotz and Carter participated with Defendant Taylor in illegally searching and seizing Plaintiff and exerting excessive force upon Plaintiff during the course of Plaintiff's arrest on March 17, 2014. Defendant Taylor has filed responses in opposition to these two motions asserting that the proposed amendment is futile because claims against Hotz and Carter are barred by the one-year statute of limitations.

For the reasons stated below, the undersigned Magistrate Judge recommends that Plaintiff's two motions for leave to amend his complaint to add Officers Hotz and Carter as additional defendants be denied.

**STATEMENT OF THE CASE**

Plaintiff Dixon has filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that Defendant Detective Taylor, employed by the Metropolitan Nashville Police Department, illegally searched Plaintiff and arrested him on March 17, 2014, without a search or arrest warrant, and employed excessive force against Plaintiff during the course of his arrest. Plaintiff claims that he received physical injuries, including a broken shoulder, as a result of the excessive force employed by Defendant Taylor.

**ANALYSIS**

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that, later than 21 days after the serving of an original complaint, a plaintiff may his amend his complaint only with the opposing party's consent or the court's leave. This rule further says that the court should freely give leave "when justice so requires." Despite this liberal standard, the Court should deny leave to amend on the ground that the proposed amendment would be futile. *Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 425 (6th Cir. 1999). A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

Defendant Taylor argues that the proposed amended complaint would be futile because claims against the two proposed

2

Defendant officers are barred by the one-year statute of limitations. In Tennessee, civil rights claims brought pursuant to § 1983 are subject to a one-year statute of limitations. *Howard v. Rea*, 111 F. App'x 419, 421 (6th Cir. 2004). Plaintiff admits that his claims against Officers Hotz and Carter arise from the same March 17, 2014, use of force incident alleged in the original complaint. Plaintiff's earlier motion to amend (Docket Entry No. 74) was filed on September 11, 2015, and the later motion (Docket Entry No. 80) was filed on September 22, 2015. Thus, both of Plaintiff's motions for leave to amend were filed several months after the expiration of the one-year statute of limitations in March 2015.

In anticipation of Defendant Taylor's assertion of the statute of limitations, Plaintiff Dixon asserts that the proposed amended complaint against the new Defendants relate back to the filing of the original complaint. Rule 15(c) of the Federal Rules of Civil Procedure describes the elements of the relation back doctrine. The Sixth Circuit has held that Rule 15(c)(1)(B) allows relation back of an amendment asserting a "claim or defense," but it does not authorize relation back of an amendment adding a new party. *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010). The Court further has found that although various courts have extended the relation back provisions of Rule

3

15(c)(1)(C) to amendments changing identities of the plaintiff, the type of changes permitted are limited to corrections of misnomers or misdescriptions. *Asher*, 596 F.3d at 318-19. Here, Plaintiff Dixon does not seek to change the name of a defendant already sued, or otherwise correct a misnomer. Instead, he seeks to add new claims against two new Defendants. Under Sixth Circuit authority, the relation back doctrine does not apply to such amendments. Therefore, the undersigned Magistrate Judge finds that the relation back doctrine does not apply to Plaintiff's attempts to add new claims against Officers Hotz and Carter and that those claims are barred by the one-year statute of limitations.

For the foregoing reason, the undersigned Magistrate Judge finds that Plaintiff's motions for leave to amend his complaint to add such claims (Docket Entry Nos. 74 and 80) should be denied as futile

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Plaintiff's motions for leave to amend his complaint (Docket Entry Nos. 74 and 80) be denied.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said

4

objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

      **ENTER** this 8th day of July, 2016.

                                          /s/  John S. Bryant
                                          JOHN S. BRYANT
                                          United States Magistrate Judge